```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWIN R. THOMPSON and          :     CIVIL ACTION
KAREN J. THOMPSON              :
                               :
          v.                   :
                               :
HORSHAM TOWNSHIP               :     NO. 07-5255
```

MEMORANDUM AND ORDER

McLaughlin, J.                                        June 10, 2008


       Plaintiffs Edwin and Karen Thompson contend that defendant Horsham Township has failed to comply with certain federal legal requirements concerning stormwater management.  Two developers, Orleans Homebuilders, Inc. and Orleans Corporation (collectively "the Orleans entities"), have moved to intervene as defendants in the suit.  For the reasons that follow, the Court will grant the motion.

       Edwin and Karen Thompson live on a farm in Horsham Township, through which runs a tributary of the Pennypack Creek. Immediately upstream from the Thompsons' farm is a 40 acre property called the Alter Tract.  The Orleans entities have filed plans with the township to develop the Alter Tract and subdivide it into single family homes.  Compl. ¶¶ 1, 12, 25.

       One of the central claims in the Thompsons' suit is that the Township is refusing to apply the legally-mandated

criteria for evaluating and approving the plans to develop the Alter Tract.  The Orleans entities filed their application to develop the Alter Tract on July 16, 2001.  At that time, the legal criteria for evaluating stormwater management in new developments in Horsham Township were set out in section 611 of the Township's Subdivision and Land Development Ordinances, as amended through ordinance 4017.  Section 611 was subsequently amended on October 19, 2002, with the passage of Ordinance 4019.  The amendment was made to comply with a Comprehensive Stormwater Management Policy promulgated by the Pennsylvania Department of Environmental Protection in September 2002.  Compl. ¶¶ 37-43.

The Thompsons contend that the Township is legally required under federal environmental laws to apply Section 611, as amended by ordinance 4019, to the Orleans entities' application to develop the Alter Tract.  The Township responds that it is required to evaluate an application under the provisions of Township Ordinance as it stood at the time the application was filed.  Complicating matters is the fact that another Orleans entity, OHB Builders, Inc., filed a revised development plan with the Township on July 13, 2007.[1]  The Thompsons and the interveners dispute whether both plans remain pending before the Township (the interveners' position) or

---

[1] In their motion to intervene, the Orleans entities state that the second application was actually filed February 8, 2006, but they do not contend this discrepancy is relevant to their motion.

whether the second plan has replaced the first (the Thompsons' position).

The Orleans entities have moved to intervene as defendants in this suit, both as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure and, in the alternative, with the Court's permission under Rule 24(b)(1)(B).  Defendant Horsham Township supports the Orleans entities' intervention, but the Thompsons have objected.  The Court finds that the Orleans entities are entitled to intervention as of right.

In pertinent part, Federal Rule of Civil Procedure 24(a) provides that:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A party seeking to intervene under Rule 24(a) must establish four elements:  1) a timely application for leave to intervene; 2) a sufficient interest in the litigation; 3) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the matter; and 4) inadequate representation of the prospective intervener's interest by the existing parties. <u>Kleissler v. U.S. Forest Service</u>, 157 F.3d 964, 969 (3d Cir. 1998).

The first element of timeliness is met here. Timeliness is determined by the totality of the circumstances including the stage of the proceedings, the prejudice to the parties from any delay, and the reason for any delay. In re Community Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005). The Thompsons' filed their complaint on December 14, 2007. Horsham Township filed a motion to dismiss on January 29, 2008. After some rescheduling, oral argument on that motion is scheduled for June 12, 2008. The Orleans entities moved to intervene on April 15, 2008. The Court finds that, at this early stage of the proceedings, the Orleans entities' motion has caused no delay and no prejudice to the parties.

The second and third elements for intervention – a protected interest in the litigation and a sufficient threat to that interest – are also met here. Although a protected interest has "eluded precise and authoritative definition," it must be a "legal interest as distinguished from interests of a general and indefinite character" and must be more than a "mere economic interest." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005) (quoting Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)). The necessary threat to that interest requires interveners to show that their interests "might become affected or impaired, as a practical matter, by the disposition of the action in their

absence." Mountain Top at 368 (emphasis in original) (citation omitted).

In Kleissler, the United States Court of Appeals for the Third Circuit considered, among other issues, whether logging companies who had either existing contracts to log in a national forest or the prospect of receiving such contracts were entitled to intervene in a suit by members of an environmental group alleging that the United States Forest Service had violated statutory requirements in approving two cutting projects in the forest. 157 F.3d at 967-68. The suit sought injunctive relief to suspend or cancel all contracts for logging in the forest. The Kleisser court found that both those logging companies with an existing contract and those with an expectancy of receiving contracts had a sufficient interest to support intervention. Id. at 973.

In this case, the Orleans entities have the same type of interest in this litigation as was found sufficient for intervention in Kleisser. The Orleans entities have an application to develop property pending before the Township that will be subjected to heightened environmental requirements, if this litigation is successful. The injunctive relief sought by the plaintiffs here specifically requests an order mandating that the Township apply the provisions of Ordinance 4019 to "any and all unapproved subdivision plans which have been filed or may be filed in respect to the Alter Tract." In addition, one of the

Orleans entities, Orleans Homebuilders, Inc. is the equitable owner of the Alter Tract.  The prospect that existing plans for developing that Tract may be impaired if this suit is successful is sufficient to establish the necessary interest and threat to that interest required to intervene.[2]

The last element for intervention as of right is that the existing parties cannot adequately protect the intervener's

---

[2]  In their opposition to the motion to intervene, the Thompsons argue that, because (as they contend) the only application pending before the Township is the revised development plan filed in 2007, and because that revised plan was filed by OHB Builders, Inc., the only entity entitled to intervention is OHB Builders, Inc., even accepting all the arguments in the interveners' motion.  The Orleans entities respond by arguing that 1) one of the interveners, Orleans Homebuilders, Inc., is the equitable owner of the Alter Tract, and so entitled to intervention even if only the 2007 plan is active; 2) both the 2001 and the 2007 plans are active and pending before the Township, which gives the Orleans entities, as the applicants to the 2001 plan, the right to intervene.

The Court finds the Orleans entities' arguments persuasive on this point.  Orleans Homebuilders Inc.'s equitable ownership in the Alter Tract gives it sufficient interest to intervene in a suit to determine what standards govern the pending plans to develop that property.  Similarly, the Orleans entities' assertion that they have a pending development plan that would be affected by the outcome of the litigation is sufficient to justify intervention.  The Thompsons' requested injunction in this suit seeks to apply the standards in Ordinance 4019 to any unapproved development applications "which have been filed or may be filed in respect to the Alter Tract."  Both the Orleans entities and the Township have stated that both the 2001 and 2007 plans are pending before the Township and await approval.  This is sufficient, for purposes of intervention, to show that the Orleans entities assert a protected interest that may be impaired by the outcome of the suit.  The Court need not decide at this stage whether the 2001 plan, in fact, remains pending, but only that the Orleans entities have a sufficient expectancy to give them a protectable interest.

interest.  In Kleisser, the appellate court found that the interests of the logging companies could not be adequately protected by the existing government defendant because "the government represents numerous complex and conflicting interests" and the "straightforward business interests asserted by the intervenors" might "become lost in the thicket of sometimes inconsistent government policies."  157 F.3d at 973-74.  The same is true here.  Horsham Township has broader and different interests concerning the matters raised in this lawsuit than the Orleans entities have, and Horsham Township is not under any legal obligation to protect the Orleans entities' interests.  In these circumstances, the Orleans entities' interests are not adequately protected by the existing parties.

Because the Orleans entities have established the four requirements for intervention as of right under Federal Rule of Civil Procedure 24(a), the Court will allow them to intervene as third party defendants.  Having found the Orleans entities entitled to intervention of right under Rule 24(a) The Court will not address the Orleans entities' arguments for permissive intervention under Rule 24(b).

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWIN R. THOMPSON and         :     CIVIL ACTION
KAREN J. THOMPSON             :
                              :
          v.                  :
                              :
HORSHAM TOWNSHIP              :     NO. 07-5255
```

ORDER

AND NOW, this 10th day of June, 2008, upon consideration of the Motion to Intervene of Orleans Homebuilders, Inc. and Orleans Corporation (Docket No. 13), and the response thereto, IT IS HEREBY ORDERED, for the reasons set forth in the accompanying Memorandum of Law, that the Motion is GRANTED and Orleans Homebuilders, Inc. and Orleans Corporation shall be added as intervening defendants in this matter.


                                    BY THE COURT:


                                    /s/ Mary A. McLaughlin
                                    MARY A. McLAUGHLIN, J.